**I&M RAIL LINK, LLC,**
**Plaintiff–Appellee,**

v.

**NORTHSTAR NAVIGATION, INC.,**
**Defendant–Appellant.**

**No. 99–2128.**

United States Court of Appeals,
Seventh Circuit.

Feb. 25, 2000.

Weston W. Marsh, Freeborn & Peters, Chicago, IL, for Plaintiff–Appellee.

James K. Mondl, Tonkin & Mondl, St. Louis, MO, for Defendant–Appellant.

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, Circuit Judges.

. On Petition for Rehearing

PER CURIAM.

■ I&M Rail Link has filed a petition for rehearing en banc, asserting that our decision conflicts with *Texas & P. Ry. v. Angola Transfer Co.*, 18 F.2d 18 (5th Cir. 1927), and *Seaboard Airline R.R. v. Pan American Petroleum & Transport Co.*, 199 F.2d 761 (5th Cir.1952). According to I&M Rail Link, each of these cases stands for the proposition that the Coast Guard's finding under the Truman–Hobbs Bridge Act of 1940, 33 U.S.C. §§ 511–23 that a bridge poses an "unreasonable hazard to navigation" must be ignored in admiralty litigation, and in particular that such a finding does not affect the rule of *The Oregon*, 158 U.S. 186, 192–93, 15 S.Ct. 804, 39 L.Ed. 943 (1895), that the moving vessel is presumptively at fault in any allision.

Neither of these cases mentions the Truman–Hobbs Bridge Act or *The Oregon*, so it is difficult to see how they stand for the proposition I&M Rail Link attributes to them. *Angola Transfer*, decided 13 years before the statute's enactment, could not have any bearing on its interpretation. What the two cases have in common with ours is that in each an administrative official had issued an order to renovate the bridge. That is also the limit of the overlap. In *Angola Transfer* the court of appeals held after a full trial that the renovation was unrelated to the accident. No such finding has been (or could be) made in this case, which was decided on crossmotions for summary judgment.

■ *Seaboard* likewise was decided after a trial. The Secretary of War had ordered the bridge's span to be increased so that the Port of Savannah could accommodate larger oceangoing vessels. This did not imply that the bridge posed safety hazards to the smaller vessels that had long been using the port. Moreover, the court of appeals did not conclude that a renovation order should be ignored; it held, instead, that such an order is not *conclusive* on the trier of fact, not only

because it is issued ex parte but also because it does not establish that a particular shortcoming caused a given allision. We reached the same conclusion: the facts underlying the Coast Guard's decisions concerning the Sabula Bridge imply that shortcomings in its design may have played a causal role in the allision, but whether this is so (indeed, whether the design is deficient) is for the trier of fact.

All members of the panel have voted to deny the rehearing. No judge has called for a vote on the petition for rehearing en banc, which is denied.